**FOOD HANDLERS LOCAL 425, AMAL-GAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL–CIO, Plaintiff,**

v.

**PLUSS POULTRY, Inc., Defendant.**

**Civ. A. No. 363.**

United States District Court
W. D. Arkansas,
Fayetteville Division.

Dec. 17, 1958.

Anthony J. Sabella, Memphis, Tenn., Lem C. Bryan, Ft. Smith, Ark., for plaintiff.

Kothe & Hall, Tulsa, Okl., Russell Elrod, Siloam Springs, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

On December 3, 1957, the plaintiff filed its complaint praying for a judgment against the defendant as follows:

"1. That defendant, its officers, servants, agents and attorneys, and all persons acting in aid of, or in conjunction with them, or any of them, be enjoined and restrained from violating the Agreement and Award by refusing to abide by the

decision of the Board of Arbitration directing the deduction of dues and the posting of the job vacancy.

"2. That this Court issue an order confirming the Award of the Board of Arbitration directing the dues deduction and the posting of the job vacancy.

"3. That plaintiff be awarded its costs, disbursements and expenses in this action.

"4. That the Court grant such other and further relief as justice and equity may require."

On December 27, 1957, the defendant filed its answer in which it incorporated a motion to dismiss.

On January 6, 1958, the defendant filed its motion for summary judgment on the ground that the pleadings and affidavit attached to the motion show that the defendant is entitled to a judgment as a matter of law.

On January 13, 1958, the plaintiff filed its motion for summary judgment on the ground that the pleadings and affidavit attached thereto show that the plaintiff is entitled to a judgment as a matter of law.

The parties submitted briefs in support of their respective contentions, and on February 7, 1958, the court filed its written opinion, 158 F.Supp. 650, and in accordance therewith judgment was entered overruling the motion of plaintiff for summary judgment and sustaining the motion of defendant for summary judgment, "subject to the leave which is hereby granted to the plaintiff, if it so desires, to serve and file, on or before February 24, 1958, an amendment to its complaint to seek specific performance of the provisions of the contract providing for arbitration, and that if the said amendment is not so served and filed the complaint of the plaintiff will be dismissed."

At page 658 of 158 F.Supp., the court, after reaching the conclusion that the motion of plaintiff for summary judgment should be denied and the motion of

defendant for summary judgment sustained, said:

"The remaining question is whether the Court should dismiss finally plaintiff's complaint, or should allow plaintiff time in which to amend its complaint, if it so desires, to seek specific performance of the contract.

"In paragraph 9 of the complaint the plaintiff alleges:

" 'Plaintiff has made repeated demands upon the defendant to comply with the agreement respecting dues deduction and job posting. This, defendant has refused to do.'

"In paragraph 7 of its answer the defendant alleges:

" 'Defendant admits the allegations contained in paragraph 9 to the extent that such averments referred to demands by certain of plaintiff's claimed representatives who inquired concerning dues deduction authorization cards which expired by their own terms under the 1956 agreement, and defendant admits that plaintiff made demands upon defendant seeking to arrange for a collusive agreement concerning membership of the employees in the union to which defendant did not accede because it was violative of the Arkansas law prohibiting such. Defendant admits that certain of plaintiff's representatives discussed the subject of job posting, but denies that it had any relationship to the subject of dues deduction. Defendant further admits that it refused to make any dues deduction without proper authorization cards signed by the employees as required by law, but denies that it refused to do so contrary to the agreement or understanding reached with certain of the international representatives of the plaintiff. * * * '

"In view of the issues involved, and since the plaintiff in the prayer of its complaint prays that the Court

'grant such other and further relief as justice and equity may require,' the judgment of the Court dismissing the motion for summary judgment of plaintiff and granting the motion of defendant for summary judgment should provide that the plaintiff, if it so desires, may file and serve on or before February 24, 1958, an amendment to its complaint, and seek specific performance of the provisions of the contract providing for arbitration."

The plaintiff did not proffer for filing any amendment to the complaint as suggested by this court, and on February 28, 1958, four days after the time fixed by the court for the filing of the amendment had expired, the court entered a final order dismissing the complaint of the plaintiff.

On March 7, 1958, plaintiff filed its notice of appeal, and in due time perfected an appeal to the United States Court of Appeals for the Eighth Circuit. The appeal was heard, and on November 6, 1958, 260 F.2d 835, the court rendered its decision affirming the judgment. The mandate was issued December 3, 1958, and filed in this court on December 5, 1958.

On December 16, 1958, the plaintiff filed an application for leave to amend the complaint to include the following prayer for relief:

"That the Court order the defendant to submit the dispute with respect to job posting and check off of dues to arbitration in accordance with the terms of the collective bargaining agreement, and that it shall cooperate with the plaintiff in submitting these matters to arbitration."

In the application for leave to amend the complaint the plaintiff states that the Court of Appeals in its opinion held that the two disputes involved herein were arbitrable matters, and that the plaintiff has sought by letter to arbitrate

the dispute but defendant continues to refuse to arbitrate, and further alleges that, "the interest of justice and stable labor relations would be served by allowing plaintiff's application to amend the complaint."

An examination of the opinion of this court, 158 F.Supp. 650, discloses that the court held that the arbitration agreement existing between the parties did not permit one party to initiate and prosecute to a conclusion an arbitration proceeding without any participation by the other party, and further on page 657 of the opinion said:

"The Court is of the opinion that the plaintiff should have followed the procedure outlined by the Supreme Court of the United States in Textile Workers Union of America v. Lincoln Mills of Alabama, supra. [353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972.] The provision in the contract for arbitration contains no provision for an ex parte arbitration, and, upon the refusal of the defendant to enter into the arbitration, the remedy of the plaintiff was that provided in Section 301 of the Labor Management Relations Act [29 U.S.C.A. § 185] as construed in the Lincoln Mills case, supra."

It appeared to this court at that time that the question of whether plaintiff was entitled to have the issues arbitrated could not be determined by the plaintiff alone, and absent provisions in the contract referring the question of arbitrability to the arbitrator and allowing an ex parte arbitration, arbitrability of the issues must be determined by the usual process of the law, and the law requires the plaintiff to submit the arbitrability of the questions to a court by a suit for specific performance.

The latter holding of this court was unnecessary to a determination of the issues then before the court, and the Court of Appeals in its consideration of the case said:

"The court considered the cases of Kanmak Mills, Inc., v. Society Brand Hat Company, 8 Cir., 236 F. 2d 240, and Kentucky River Mills v. Jackson, 6 Cir., 206 F.2d 111, 47 A. L.R.2d 1331, relied on by the union, and held that they afforded no support for the award sued on. There was no basis to conclude that the company ever consented to any arbitration of disputes where it took no part in the selection of any arbitrator or where the Federal Mediation and Conciliation Service was empowered or undertook to select the arbitrator. The District Court found no authority to support the ex parte award made by Mr. Barnhart in any precedents or in the statutes and we find none. The award was therefore void and unenforceable and the judgment of dismissal of the action must be affirmed."

The court further stated that it did not rest its affirmance of the judgment upon the conclusion of this court that the provisions of the collective bargaining agreement were not broad enough to give the arbitrator or arbitrators full authority to determine the issue of arbitrability of the matters sought to be arbitrated. It then proceeded to state that it was of the opinion that arbitrators mutually agreed upon could have decided the question of arbitrability of the disputes presented, and "we affirm the judgment solely on the ground that the arbitrator, who made the award sued on, was without power to arbitrate or render award upon the disputes."

It is clear from a reading of the opinion of the Court of Appeals that since plaintiff had refused to avail itself of the opportunity given by this court to amend its complaint, that no useful purpose would be served by remanding the case with directions to again grant leave to plaintiff to file an amendment to the complaint, and this court does not believe that a sound judicial discretion requires it to grant the application of plaintiff in view of the action heretofore taken by the court and the invitation it extended to the plaintiff to amend the complaint when the case was pending here and before appeal.

In Jones v. Kennedy, D.C.D.C.1942, 2 F.R.D. 357, the court said:

"On August 7, 1939, a motion to strike the second amended complaint was sustained by this Court, and the plaintiff granted ten days in which to file a further amended complaint. He elected however to stand upon the second amended complaint and appealed to the Court of Appeals from the order striking the second amended complaint.

"The action of this Court was sustained by the Court of Appeals. The plaintiff now moves for leave to file a third amended complaint. In my opinion the application comes too late, especially in view of the fact that he was given the opportunity of filing a third amended complaint before the appeal and elected not to do so.

"The motion for leave to file a third amended complaint should be overruled."

■ The liberality in respect to the amendment of pleadings provided for in Rule 15(a), Fed.Rules Civ.Proc. 28 U.S. C.A., does not apply to the situation presented by plaintiff's application to amend at this late date. Sidis v. F–R Publishing Co., 7 Fed.Rules Service 15a.24, Case 2 (D.C.S.D.N.Y.1943). In Von Wedel v. McGrath, Atty. Gen., D.C.N.J.1951, 100 F.Supp. 434, the court said:

"Rule 15(a), F.R.C.P., 28 U.S.C., provides that 'A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *.' However, after a judgment of dismissal the filing of an amended complaint may be permitted only under the rules pertaining to setting aside

 

or vacating judgments. Kelly v. Delaware River Joint Commission, 3 Cir., 1951, 187 F.2d 93; Feddersen Motors, Inc., v. Ward, 10 Cir., 1950, 180 F.2d 519; Markert v. Swift & Co., 2 Cir., 1949, 173 F.2d 517; United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453; Cf. Ohio Casualty Ins. Co. v. Farmers Bank of Clay, Ky., 6 Cir., 1949, 178 F.2d 570. See: Rule 60, F.R.C.P."

The "other reason" justifying relief from the operation of a judgment provided for in Rule 60(b), F.R.C.P., vests power in courts in order to enable them to vacate judgments whenever such action is appropriate to accomplish justice. Klapprott v. United States, 1949, 335 U. S. 601, 69 S.Ct. 384, 390, 93 L.Ed. 266.

In this case the plaintiff was given an opportunity to amend after the court had overruled its motion for summary judgment, but it freely and voluntarily chose to rest its case upon the facts as originally alleged, and it seems to this court that justice has been served when a party has had an opportunity to present its allegations of fact. The plaintiff has had its day in court, and through its able counsel it deliberately decided to stand on its original complaint. This court does not believe that it should now be relieved of the choice deliberately made because its hindsight seems to indicate that a different course should have been followed.

The mandate filed herein does not require and contains no provision suggesting that this court should at this late date permit plaintiff to amend its complaint. Professor Moore, in 3 Moore's Federal Practice, 2d Ed., p. 841, states:

> "Where the pleader has stood upon his pleading and appealed from an order dismissing it, he will normally not be permitted to amend after the appellate court has affirmed the order, unless the mandate permits it."

No doubt the Court of Appeals would have considered any request that the plaintiff might have made to it for permission to amend its complaint, but so far as the record shows no such request was submitted to the Court of Appeals and, as heretofore stated, this court does not feel that justice requires the granting of such permission at this time in view of what occurred in this court prior to the appeal. See Sheaf v. Minneapolis, St. P. & S. S. M. R. Co., 8 Cir., 1947, 162 F.2d 110; Brooks v. Yawkey, 1 Cir., 1953, 200 F.2d 663.

Therefore an order is being entered to-day denying the application of plaintiff for leave to amend its complaint.