**Peter BOGART and June Bogart,
Appellants,**

v.

**PEOPLE OF the STATE OF CALIFORNIA, Appellee.**

No. 22089.

United States Court of Appeals
Ninth Circuit.

March 17, 1969.

Rehearing Denied April 25, 1969.

Sam Bubrick, Los Angeles, Cal., for Peter D. Bogart & June Bogart.

Evelle J. Younger, Dist. Atty., Robert J. Lord, Asst. Dist. Atty., Los Angeles, Cal., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

BARNES, Circuit Judge:

This appeal was set for oral argument on March 4, 1969. At that time, upon oral motion made by counsel for appellants to be relieved as counsel for appellants, and upon consent expressed in open court by each appellant that the motion be granted, the motion was granted. Appellants thereupon each requested in open court that the appeal be submitted on the brief on file (no brief had been filed by appellee). It was so ordered.

This matter has been before this court previously. For a recital of the complicated facts through 1965, see our opinion appearing at 355 F.2d 377 (1966), particularly pages 378 to 380. In that case we concluded: "The order of the district court remanding the cause to the state court is affirmed." The date of that opinion was January 13, 1966. A petition for rehearing was denied by this court on February 21, 1966. A petition for *certiorari* was filed with the Supreme Court of the United States, and we stayed our mandate. The petition for *certiorari* was denied by the Supreme Court on October 10, 1966, 385 U.S. 888, 87 S.Ct. 132, 17 L.Ed.2d 117, and a rehearing denied by that same Court on November 21, 1966, 385 U.S. 964, 87 S.Ct. 400, 17 L.Ed.2d 310.

Our judgment (now mandate) was issued on January 16, 1967, and "filed and spread and entered" in the district court on February 6, 1967. As of that date, the matter (No. 20,050 in this court and No. 34749 in the district court) was final, and the appellants' cause of action was in the state court, and not in the federal courts. All previously issued stays had expired by their own terms.

On February 6, 1967, appellants "lodged" with the district court two documents, each entitled *"FIRST AMEND-ED PETITION FOR REMOVAL OF PROSECUTION BY DEFENDANTS DENIED CIVIL RIGHTS. 28 U.S.C. §§ 1443, 1446."* (T.R. 39, *et seq.*)

On that same date, the Hon. Charles H. Carr entered an order with respect to the "lodged" papers (1) denying consideration of the amended removal petitions, and (2) denying motions to appoint counsel for alleged indigent appellants.

On February 13, 1967, appellants lodged, and on February 15, 1967, filed, a notice of appeal from (1) and (2), *supra*, and (3) "from all orders and final judgments made on said February 6, 1967 in said cause." The only order made on that day other than (1) and (2), *supra*, was that the mandate of this court of appeals be spread. (R.T. 3–9.)

The two orders denying appellants' motions were premised on the fact that the trial court's previous order of March 31, 1965, remanding appellants' cases to the California Superior Court, had been affirmed by this court; his ruling was thus the law of the case, and res adjudicata (R.T. 9).

■ We hold the district court was correct. At the time of the original order of transfer appellants made no offer or effort to amend their petitions. Their untimely attempts, made almost two. years later, to amend came too late, for there was then nothing before the district court to amend.

■ Appellants ask this court in their brief filed August 14, 1968, "to extend their notice of appeal to an order made by Judge Carr entered on March 13, 1967 denying them leave to appeal in forma pauperis." No appeal having been taken from this order, we are without jurisdiction to entertain any such appeal, or "to extend" the earlier and timely notice of appeal. Fed.R.App.P., Rule 26(b); Rule 2. 222 East Chestnut St. Corp. v. Lakefront, 256 F.2d 513 (7th Cir.) cert. den. 358 U.S. 907, 79 S. Ct. 232, 3 L.Ed.2d 228 (1958); Britton v. Dowell, Inc., 243 F.2d 434 (10th Cir. 1957); Pioche Mines Consol., Inc. v. Foley, 237 F.2d 164 (9th Cir.1956); Food Handlers Local No. 425, v. Pluss Poultry, Inc., 23 F.R.D. 109 (W.D.Ark. 1958); Jones v. Kennedy, 2 F.R.D. 357 (D.D.C.1942).

Affirmed.