No. 13161

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

RAYMOND W. ZELL,

Plaintiff and Respondent,

-vs-

VICTORIA M. ZELL,

Defendant and Appellant.

Appeal from: District Court of the Ninth Judicial District,
Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Smith, Emmons, Baillie and Walsh, Great Falls, Montana
Robert J. Emmons argued, Great Falls, Montana

For Respondent:

Frisbee and Moore, Cut Bank, Montana
Larry Epstein argued, Cut Bank, Montana

Submitted: March 30, 1977

Decided: JUN -6 1977

Filed: JUN 3 1977

*Thomas J. Kearney* Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

This is an appeal of the district court's property division rendered in a divorce action.

Before the merits of the case can be reached we must determine whether this appeal is properly before this Court. Respondent, Raymond W. Zell, has filed a motion to dismiss this appeal, based upon the failure of appellant, Victoria M. Zell, to file a timely notice of appeal with the district court.

There has been no district court record filed with this Court therefore we must rely upon the briefs of the parties to establish the time sequence involved. The judgment was entered October 20, 1975, with the notice of entry of judgment personally served upon appellant's trial counsel October 23, 1975. After contacting another attorney appellant filed a notice of appeal on December 9, 1975. Thereafter appellant retained a third attorney to present this appeal.

The facts show this notice of appeal was filed 17 days after the expiration of the 30 days allowed for filing a notice of appeal by the Montana Rules of Appellate Civil Procedure.

Rule 4(a), M.R.App.Civ.P. states:

"An appeal shall be taken by filing a notice of appeal in the district court. * * *"  (Emphasis supplied.)

Rule 5, M.R.App.Civ.P. states in part:

"The time within which an appeal from a judgment or an order must be taken shall be 30 days from the entry thereof, except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment * * *.

"Upon showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the original time prescribed by this rule."  (Emphasis supplied.)

It is well settled in Montana that an untimely notice of

- 2 -

appeal is a jurisdictional defect, which renders this Court powerless to hear the appeal. Jackson v. Tinker, 161 Mont. 51, 504 P.2d 692; Leitheiser v. Mont. State Prison, 161 Mont. 343, 505 P.2d 1203; Haywood v. Sedilla, 167 Mont. 101, 535 P.2d 1014, 32 St.Rep. 533.

Appellant does not dispute the fact that the filing of her notice of appeal was untimely. What she now argues is that she is entitled to an extension of time, alleging excusable neglect. However, this Court is not the proper forum for such a request.

Rule 5, M.R.App.Civ.P., only grants to the district court the authority to extend the time for taking an appeal. Furthermore Rule 3 and Rule 21(b), M.R.App.Civ.P., prohibit this Court from extending the time for taking an appeal. Rule 3 states:

> "In the interest of expediting decision upon any matter before it, or for other good cause shown, the Supreme Court may, except as otherwise provided in Rule 21(b), suspend the requirements or provisions of these rules on application of a party or on its own motion and may order proceedings in accordance with its direction." (Emphasis supplied.)

Rule 21(b) provides:

> "The court for good cause shown may upon motion extend the time prescribed by these Rules or by its order for doing any act, and may thereby permit an act to be done after the expiration of such time if the failure to act was excusable under the circumstances; but the court may not extend the time for filing a notice of appeal, except as provided in Rule 5." (Emphasis supplied.)

The combined effect of Rule 3 and Rule 21(b) is further explained in the Advisory Committee's Note to Rule 3, M.R.App.Civ.P., wherein it is stated:

> " * * * Rule 21(b) prohibits the Supreme Court from extending the time for taking appeal."

This interpretation of Rule 3 and Rule 21(b) is identical to that given their counterparts in the federal rules of appellate procedure. The Advisory Committee notes point out that these

specific rules, Rule 3 and Rule 21(b) were patterned after the federal rules. In fact, Rule 3, M.R.App.Civ.P. and Rule 2, of the federal rules are identical in substance and comment. 9 Moore's Federal Practice ¶202.03, interpreting Rule 2 of the federal rules states:

> "Thus a court of appeals <u>has no power</u> to permit an appeal to be sought or <u>taken</u> after the expiration of the time fixed by statute or rule. * * *" (Emphasis supplied.)

See also: Bogart v. People of State of California, 409 F.2d 25, cert. den. 393 U.S. 1101, 89 S.Ct. 900, 21 L Ed 2d 793; United States v. Tallman, 437 F.2d 1103; Bryant v. Elliott, 467 F.2d 1109; Cramer v. Wise, 494 F.2d 1185.

For these reasons, we conclude that this Court has no authority to permit an appeal to be taken after the expiration of the time fixed by Rule 5, M.R.App.Civ.P. If an extension of time is sought, the proper forum to make such a request is the district court.

A question, which naturally arises and which must be discussed, is the length of time a party has to request an extension of time from the district court for filing a notice of appeal. The federal rules of appellate procedure specifically address this subject. In 9 Moore's Federal Practice ¶204.08, Rule 4(a) provides in part:

> " * * * Such an extension may be granted <u>before or after</u> the time otherwise prescribed by this subdivision * * *." (Emphasis supplied.)

The Montana Rules of Appellate Civil Procedure are silent as to this subject and do not provide any guidance one way or the other. We believe that allowing a party to request such an extension of time before or after the expiration of the original time prescribed by Rule 5, M.R.App.Civ.P., is the better procedure and we adopt this view.

This does not, however, give a party an unlimited amount

- 4 -

of time to request an extension of time from the district court. Rule 5 provides:

> "Upon showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the original time prescribed by this Rule." (Emphasis supplied.)

Consequently the district court loses its authority to grant such an extension after the additional 30 day period expires. As applied to this case, this rule would require the appellant to make a request for extension of time no later than 60 days from the service of notice of entry of judgment.

For these reasons, the respondent's motion to dismiss this appeal is granted. Furthermore, the district court is instructed that its authority to consider appellant's request for an extension of time, if she should so choose, expires 60 days from the date of service of notice of entry of judgment, excluding the amount of time consumed by this attempted appeal.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 5 -