NO. 93-098

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

KEITH SADOWSKY and LINDA
SADOWSKY, husband and wife,

      Plaintiffs and Appellants,

  v.

THE CITY OF GLENDIVE,
MONTANA, a municipal corporation,

      Defendant and Respondent.

APPEAL FROM:   District Court of the Seventh Judicial District,
               In and for the County of Dawson,
               The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Marvin L. Howe, Esq., Simonton, Howe & Schneider,
            **P.C.,** Glendive, Montana

        For Respondent:

            Gary L. Day, Esq., Lucas & Monaghan, P.C.,
            Miles City, Montana

FILED

JUL 2 0 1993

Filed:

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: June 1, 1993

Decided: July 20, 1993

Clerk

Chief Justice J. A. **Turnage** delivered the Opinion of the Court.

Keith and Linda Sadowsky appeal from an order entered by the District Court for the Seventh Judicial District, Dawson County, denying their motion for an extension of time to file a notice of appeal. We affirm.

The dispositive issue is whether the District Court erred in denying the **Sadowskys'** motion for an extension of time to file a notice of appeal. As a preliminary matter, we determine that a denial of a motion for extension of time to file a notice of appeal is itself an appealable order.

In 1988, the Sadowskys brought this action to recover damages to their property allegedly caused by water leaking from a lawn sprinkler system owned by the City of Glendive. In March 1990, the District Court entered summary judgment for the City based on the doctrine of sovereign immunity as explained in this Court's opinion in Eccleston v. Third Judicial **Dist.** Court **(1989),** 240 Mont. 44, 783 **P.2d** 363.

In January 1991, this Court decided Crowell v. School Dist. No. 7 **(1991),** 247 Mont. 38, 805 **P.2d** 522, holding that the purchase of liability insurance by a school district operated as a waiver of sovereign immunity to the extent of the coverage granted by the insurance policy. Then, in June 1992, this Court decided Koch v. Billings School Dist. No. 2 **(1992),** 253 Mont. 261, 833 **P.2d** 181, holding that plaintiff Koch could reopen her case based upon the Crowell decision and pursuant to Rule 60(b)(6), M.R.Civ.P.

2

On September 25, 1992, over two years after this case ended in a summary judgment, the Sadowskys moved for relief from the summary judgment based on Crowell and Koch. On November 23, 1992, the District Court entered an order granting that motion.

In January 1993, the City pointed out to the District Court that its November 23, 1992 order was invalid, because motions made under Rule 60, M.R.Civ.P., are deemed denied if no order is entered within forty-five days of the motion. The forty-five-day time limit had expired on November 9, 1992.

On January 20, 1993, the Sadowskys' attorney moved, pursuant to Rule 5(a)(5), M.R.App.P., to extend the time in which they might file an appeal from the deemed denial of their motion for relief from summary judgment. Their motion was filed within the time allowed under Rule 5(a)(5), M.R.App.P. However, the District Court denied the motion for extension of time, ruling that there was no excusable neglect or good cause to justify an extension. The Sadowskys then noticed this appeal from the denial of their motion for an extension of time to file a notice of appeal.

The City claims that a denial of an extension of time to file a notice of appeal is not an appealable order. It relies on Zell v. Zell (1977), 172 Mont. 496, 498, 565 P.2d 311, 312, in which this Court stated that "[i]t is well settled in Montana that an untimely notice of appeal is a jurisdictional defect, which renders this Court powerless to hear the appeal." However, in Zell the appellant did not file a motion for extension of time in district court, instead asking this Court to extend the time allowed for

3

**appeal.** In other words, no timely notice of appeal was filed. In the present case, in contrast, the notice of appeal from the District Court's order denying an extension was timely filed in the proper court. The question here is whether an order denying an extension of time to file an appeal is appealable.

The Sadowskys point out that, under the Federal Rules of Appellate Procedure, denial of a motion for extension of time to file an appeal is an appealable order. While it is true that some of the Montana Rules of Appellate Procedure are patterned after the Federal Rules of Appellate Procedure, not all are. The Federal Rules permit appeals only from orders that are made appealable by statute. 9 **Moore's** Federal Practice ¶ 110.01. In state courts in Montana, appealable orders are delineated not by statute but by Rule 1, **M.R.App.P.** "Rule 1, **M.R.App.P.**, defines the **limits** of appealable actions." Continental Ins. Co. v. Bottomly (1988), 233 Mont. 277, 279, 760 **P.2d** 73, 75. A denial of a motion for extension of time to file an appeal is not listed as an appealable order under Rule 1, **M.R.App.P.** On its face, therefore, Rule 1, **M.R.App.P.**, prohibits this appeal.

The Sadowskys point out that this Court has reviewed instances in which district courts have granted extensions of time for filing a notice of appeal. E.g., First Security Bank of Havre v. Harmon (1992), 255 Mont. 168, 841 **P.2d** 521; Xizer v. Semitool, Inc. (1991), 251Mont. 199, 824 **P.2d** 229; In re Marriage of Bahm (1987), 225 Mont. 331, 732 **P.2d** 846. In those cases, however, the extensions of time were reviewable in appeals of other, subsequent

4

appealable orders or judgments as "intermediate order[s] or decision[s] excepted or objected to within the meaning of Rule 46 of the Montana Rules of Civil Procedure, which involve the merits, or necessarily affect the judgment[.]" See Rule 2, M.R.App.P.

Rule 1, M.R.App.P., allows appeal from "a final judgment entered in [a] . . . special proceeding commenced in a district court." The Sadowskys argue that the denial of their motion for an extension of time is such a judgment. This argument is flawed in that the order from which they wish to appeal is not a judgment.

The Sadowskys also cite Shields v. Pirkle Refrigerated Freightlines (1979), 181 Mont. 37, 591 P.2d 1120. In that case, this Court held that an order setting aside a default judgment on jurisdictional grounds was appealable, because it "in effect, finally concludes the case and the rights of the parties" and "amounts to a final judgment." Shields, 591 P.2d at 1123. The Sadowskys maintain the same reasoning applies here.

We agree. The denial of the Sadowskys' request for an extension of time to file a notice of appeal concludes this case just as finally as any final judgment. Because the denial of an extension of time to file a notice of appeal is not simply a ministerial act, but is a decision within the discretion of the district court, we conclude that it would be unjust to deny the right of appeal from such a decision. We therefore hold that the denial of a Rule 5(a)(5), M.R.App.P., motion for an extension of the time allowed for filing a notice of appeal is an appealable order.

5

We now consider whether the District court abused its discretion in denying the Sadowskys' request for an extension of time. Rule 5(a)(5), **M.R.App.P.,** allows the district court to extend the time allowed for filing a notice of appeal "upon a showing of excusable neglect or good cause." The Advisory Committee Notes to Rule 5(a)(5), **M.R.App.P.,** state that **"the** district court should have the authority to extend time in extraordinary cases where injustice would otherwise result."

In its order denying the request for the extension, the District Court stated:

> At all times the Plaintiffs had control of this situation. They knew or should have known the time period after which the motion for relief is automatically denied. They could have requested a determination sooner from the Court. They also knew or should have known that the order of November 23 was issued without jurisdiction. It has been settled law in Montana for many years that once the 45-day time limit has expired the Court is without jurisdiction to take any action on the motion. In essence, although they argue that they relied upon such order, they had no right to rely upon it. Nothing occurred here that was beyond the Plaintiffs' control. Therefore, the Court does not find any excusable neglect or good cause.

As the City points out, this Court has never affirmed a finding of excusable neglect or good cause under Rule 5(a)(5), **M.R.App.P.,** due to counsel's lack of understanding of the **forty-**five-day time limit on rulings on motions under Rules 59 and 60, M.R.Civ.P. It was the responsibility of the Sadowskys' counsel to be aware of and to make sure the District Court was aware of the forty-five-day rule on the motion for relief from summary judgment. Lack of knowledge of a clear rule of civil procedure is not an excuse for relief from the rules. We conclude that the District

6

Court did not abuse its discretion in ruling that the Sadowskys have failed to demonstrate excusable neglect or good cause justifying an extension of time for filing a notice of appeal.

We affirm the denial by the District Court of the motion for extension of time for filing a notice of appeal.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices