JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiff Northwest Truck & Trailer Sales, Inc. (Northwest) appeals the order of the District Court of the Thirteenth Judicial District, Yellowstone County, granting the motion of defendants Roger W. Dvorak and Patricia J. Dvorak (the Dvoraks) for an extension of time to file their notice of appeal. We affirm.
The sole issue for review is restated as follows:
Did the District Court err by granting the Dvoraks’ motion to extend the time for filing their appeal?
This appeal arises from the Dvoraks’ failure to file their notice of appeal from a judgment within the thirty days prescribed by Rule 5(a)(1), M.R.App.P. Northwest sued for a deficiency judgment stemming from the Dvoraks’ breach of a contract to purchase a 1987 Peterbilt truck. Judgment reflecting the jury verdict and awarding *329 the sum of $31,663.52 was entered in favor of Northwest on October 20, 1993.
On November 22, 1993, a Monday, the Dvoraks filed their Notice of Appeal appealing the judgment and hand-delivered the same to Northwest’s counsel. Unquestionably, this Notice of Appeal was filed and served beyond the initial thirty-day period allowed by Rule 5(a)(1), M.R.App.P. The thirty-day period for appeal ended on the previous Friday, November 19, 1993. On November 23, 1993, the Dvoraks’ counsel filed a motion to extend the time to file their notice of appeal, along with their counsel’s affidavit stating the reasons for late filing. Counsel for the Dvoraks further stated in his affidavit that this constituted neglect and asked that it be deemed excusable neglect.
After a hearing on the motion to extend the time for filing the appeal, the District Court granted the Dvoraks’ counsel’s motion on the basis of both good cause and excusable neglect. The court noted that the question whether this constituted excusable neglect was very close in this case, nonetheless concluding that miscalendaring the appeal time constituted excusable neglect as well as good cause, a lesser showing than excusable neglect.
Did the District Court err by granting the Dvoraks’ motion to extend the time for filing their appeal?
As a preliminary matter, the Dvoraks contend that this is not an appealable order because it is not specifically set forth in Rule 1, M.R.App.P. They have attempted to insert this as an issue for the Court to consider, but have failed to properly raise the issue in a cross-appeal. However, in Sadowsky v. City of Glendive (1993), 259 Mont. 419, 856 P.2d 556, we noted that a denial of a motion for extension of time to file an appeal is also not listed as an appealable order and, therefore, Rule 1, M.R.App.P., on its face prohibited the appeal in that case, which we then proceeded to address on the merits, stating as follows:
Because the denial of an extension of time to file a notice of appeal is not simply a ministerial act, but is a decision within the discretion of the district court, we conclude that it would be unjust to deny the right of appeal from such a decision. We therefore hold that the denial of a ... motion for an extension of the time allowed for filing a notice of appeal is an appealable order.
Sadowsky, 856 P.2d at 558. Rule 1, M.R.App.R, allows appeal “from any special order made after final judgment.” We conclude this is such an order as was the order in Sadowsky.
*330 We are presented with an issue of law which this Court has not specifically addressed concerning the June 16, 1986 amendment to Rule 5(a)(1), M.R.App.P. (1985). That amendment added the additional standard of “good cause” for extending time for filing a notice of appeal by an additional thirty days beyond the original thirty-day limit. See Rule 5(c), M.R.App.P. Prior to January 19, 1987, the effective date of that amendment, only a showing of excusable neglect would permit an extension of time for filing an appeal.
The 1986 amendment was patterned after similar changes in 1979 to Rule 4 of the Federal Rules of Appellate Procedure. Northwest contends that this Court should follow the lead of the majority of the federal circuit courts of appeal and interpret the rule to mean that “good cause” only applies to motions made prior to the expiration of the initial thirty-day period for filing a notice of appeal. Northwest further argues that the “excusable neglect” standard — a higher standard than good cause — applies to all motions to extend the time for filing a notice of appeal which are filed after the expiration of the initial thirty-day period.
Northwest relies on the Ninth Circuit decision in State of Oregon v. Champion Int’l Corp. (9th Cir. 1982), 680 F.2d 1300, 1301, (quoting Advisory Committee Notes to 1979 Amendment to Rule 4(a)(5), Fed.R.App.P.), which states:
The good cause language was added to the Rule by a 1979 amendment because the excusable neglect standard “never fit exactly the situation in which the appellant seeks an extension before expiration of the initial time.”
In Oregon, the court applied the good cause standard only to motions made during the initial thirty-day appeal period and the excusable neglect standard only to motions filed after the initial thirty-day period for appeal. We do not agree with the Ninth Circuit that these motions are so limited in application.
Further, the Ninth Circuit decided another case within days of the Oregon case which stated that a motion for an extension of time, filed after the expiration of the original appeal time, could be granted “only upon a showing of excusable neglect or good cause,” citing the same Rule 4(a)(5), Fed.R.App.P. See Sprout v. Farmers Ins. Exch. (9th Cir. 1982), 681 F.2d 587, 588. Both cases were decided by three-judge panels and Chief Judge Browning sided with the majority in both cases, with no mention made of the Sprout decision in Oregon. See 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: Jurisdiction § 3950 (1977 and 1994 Supp.).
*331 Not all federal circuit courts have agreed with the Oregon principle. In Scarpa v. Murphy (1st Cir. 1986), 782 F.2d 300, 301, the court stated:
... We regard the Oregon court’s statement that the phrase “good cause” is applicable only when the motion is filed before the time for filing the appeal has expired, 680 F.2d at 1310, as an unwarranted maiming of the rule. Plaintiff mistook the ground for his motion. The rule expressly recognizes “good cause” as a basis for extension both before and after the expiration of the appeal time. There was no mistake by counsel, excusable or otherwise. Rather, there was inexcusable neglect by the Post Office to take more than five days... to transmit an adequately addressed letter three miles, and no basis for charging counsel for failing to think that more might be needed. The court should have given the motion a practical meaning, cf. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), as including “good cause,” and should have found such.
Like the federal rule, the plain language of Rule 5(c), M.R.App.P., does not support Northwest’s argument that we should adopt the reasoning of the majority of federal courts which require a separate standard before and after the expiration of the initial thirty-day time for filing an appeal. We therefore decline to adopt the rationale of those courts which restrict the application of the good cause standard. We emphasize that Rule 5(c), M.R.App.P., is clear on its face, providing that “The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than the 30 days after the expiration of the time prescribed by Rule 5(a).”
Moreover, this Court’s former decisions have not so limited the excusable neglect standard to motions filed after the initial thirty-day period. In In Re the Marriage of Bahm (1987), 225 Mont. 331, 333, 732 P.2d 846, 847 (citing Zell v. Zell (1977), 172 Mont. 496, 565 P.2d 311), the Court noted that a motion for extension based on excusable neglect may be filed before or after expiration of the first thirty days. Northwest has provided no persuasive argument for treating the good cause standard differently. In fact, this Court has already applied the good cause standard in Kizer v. Semitool, Inc. (1991), 251 Mont. 199, 824 P.2d 229, a case where the motion to extend the time for filing a notice of appeal was filed after the initial thirty days expired. See also First Security Bank of Havre v. Harmon (1992), 255 Mont. 168, 841 P.2d 521.
*332 In Kizer, Semitool similarly had filed a motion to extend the time for filing the notice of appeal one day after the initial thirty-day period expired. The district court applied the good cause standard to extend the time for filing a notice of appeal after the expiration of the initial thirty-day period. Without discussion, this Court held that Semitool’s notice of appeal was timely filed. Kizer, 824 P.2d at 231. We conclude the District Court correctly followed prior case law interpreting Rule 5(c), M.RApp.P. We further conclude that Bahm, Zell, First Security Bank of Havre and Kizer support the better-reasoned view and decline to overrule them.
We next address the District Court’s findings that both good cause and excusable neglect were present in this case. Rule 5(c), M.R.App.P, gives the district courts discretion to extend the time for filing a notice of appeal upon a finding of good cause or excusable neglect. We therefore review these findings of the District Court to determine whether the court has abused its discretion.
Good cause is a more liberal standard than excusable neglect and the addition of that standard to Rule 5(c), M.R.App.P., in 1986 was intended to provide greater flexibility to the district courts in reviewing motions for extending the time for filing a notice of appeal. Counsel for Dvoraks’ affidavit included the following as reasons to support a finding of excusable neglect:
3. The Dvoraks expressed their interest in filing this appeal ever since the verdict was rendered. We agreed that the Dvoraks would provide the costs of the appeal in advance and that the appeal would be filed when arrangements for the payment of costs were made. I understood that this might mean I would not file the appeal until near the end of the period to appeal. I always understood that the Dvoraks intended that the appeal be filed in a timely manner.
4.1 was served with the notice of entry of judgment in this case late in the day on October 20, 1993. The service was by hand.
5. I was very busy that day and just accepted the notice without calendaring it at that time. I calendared it the next day.
6.1 incorrectly calendared the deadline for filing the notice of appeal for November 22, 1993, for the following reasons:
a. One day delay in calendaring resulted from the fact that the notice was received late in the day.
*333 b. The notice was hand-delivered rather than the [sic] served by mail, which would give an additional three days in which to file the appeal. I usually receive notices by mail rather than by hand.
c. I inadvertently viewed 30 days as a month, which would allow until November 22, 1993 to file the notice of appeal.
The District Court concluded as follows:
Here the Court concludes that the showing made by defendants would constitute good cause to extend the time for filing notice of appeal. Whether such showing is sufficient under the excusable neglect standard is more difficult. The Court recognizes that the federal cases have interpreted excusable neglect strictly. Extensions for excusable neglect are normally only granted in exceptional cases where injustice would otherwise result. It may be found when unpredictable events affect the delivery of a notice of appeal such as uncontrollable delays in delivery of mail and illness of counsel. However mere ignorance of the law or the rules is not considered to be excusable unless the failure has been caused by a plausible misconstruction of the rules. The burden is on the party demonstrating excusability. In the federal cases excusable neglect will not be found “when the failure to timely file an appeal is caused by palpable oversight, administrative or clerical errors by the attorney or the attorney’s staff, an attorney’s busy schedule, or deliberate strategic decisions. 9 Moore’s Federal Practice ¶ 204.13 [1.-3] p. 4-107.
It would be difficult to excuse a mistake made by reason of an addition of three days when service was not accomplished by mailing but by personal service. Is it an administrative or clerical error to count October as a 31 day month instead of a 30 day month, and attempt to excuse that neglect within the rules? Without question it would be a very close case. The Court concludes in this very close case that it will find such miscalendaring to constitute excusable neglect as well as good cause. The Court feels impelled to add that it is difficult not to consider the fact that the notice of appeal was only filed one business day late.
We agree with the District Court that this is a very close case.
In McCormick v. McCormick (1975), 168 Mont. 136, 139, 541 P.2d 765, 766, this Court discussed the excusable neglect standard, noting that district courts should be permitted to extend time in cases where injustice would otherwise result. In McCormick, the Court restated *334 the rule in Montana which is that each case must be determined on its own facts and when the motion is promptly made and is supported by a showing which leaves the court in doubt or on which reasonable minds might reach differing conclusions, doubt should be resolved in favor of the motion. McCormick, 541 P.2d at 767.
The Third Circuit in Consolidated Freightways Corp. of Del. v. Larson (3rd Cir. 1987), 827 F.2d 916, 919, has stated that a thoughtful analysis of the issue requires, at a minimum, that the following factors be weighed and balanced: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, (3) whether the tardiness results from counsel’s failure to provide for a readily foreseeable consequence, (4) whether the inadvertence reflects a complete lack of diligence, or (5) whether the court is satisfied that the inadvertence resulted despite counsel’s substantial good faith efforts toward compliance.
A recent decision of the United States Supreme Court provides further guidance concerning factors to consider in determining excusable neglect. In Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership (1993),_, U.S._, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74, 89-90, the Supreme Court stated that all relevant factors should be considered, including the danger of prejudice, length of delay and its potential impact on judicial proceedings, reason for the delay and whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Although Pioneer addressed excusable neglect in the context of Rule 9006(b)(1), 11 U.S.C.A., of the Federal Rules of Bankruptcy Procedure and not under the Federal Rules of Appellate Procedure, the Supreme Court nonetheless granted certiorari based on the conflict in the courts of appeals over the meaning of excusable neglect in both bankruptcy cases and cases interpreting Rule 4(a)(5), Fed.R.App.P. Pioneer, 113 S.Ct. at 1494. Accordingly, we conclude these are factors which may be properly considered in assessing the facts on a case by case basis to determine whether a motion for extension of time should be granted to the movant.
The District Court was in a better position to assess the credibility of the rationale provided by counsel for the Dvoraks in support of the motion for extension of time to file the notice of appeal, including the risk of prejudice, reason for and impact of the delay, and the good faith of counsel for the Dvoraks. We conclude the District Court did not *335 abuse its discretion in finding good cause and excusable neglect based on the unique facts of this case.
We hold the District Court properly granted the Dvoraks’ motion to extend the time for filing their appeal based on good cause and excusable neglect.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES HUNT and TRIEWEILER concur.