JUSTICE NELSON
specially concurring:
I concur with the result reached by the Court in its opinion. In doing so, I do not concur with all that is stated in the opinion, however.
I would defer to the discretion exercised by the District Court in its finding that Dvoraks’ counsel demonstrated the lesser standard of good cause under Rule 5(c), M.R.App.P. I submit, however, that, as a practical matter and under the facts here, we have now set the good cause standard so low as to nearly eliminate the standard altogether.
I would not find that counsel’s conduct met the higher standard of excusable neglect. The Advisory Committee Notes to Rule 5 indicate that the time for filing an appeal should be extended for excusable neglect only "... in extraordinary cases where injustice would otherwise result.” Advisory Committee Notes to Original Rule 5, M.RApp.P., Annotations, MCA. This is simply not such a case under any definition of that concept heretofore utilized by this Court. In In Re the Marriage of Bahm (1987), 225 Mont. 331, 732 P.2d 846, we held that counsel’s busy schedule did not constitute excusable neglect; in McCormick v. McCormick (1975), 168 Mont. 136, 541 P.2d 765, we refused to find excusable neglect because the appellant changed her mind about filing an appeal; in Neuringer v. Wortman (1980) 186 Mont. 298, 607 P.2d 543, we did not find excusable neglect justifying an extension of time in which to file an appeal where the party knew that the case had been decided against him and where he knew that he had thirty days in which to appeal, but failed to do so.
Without belaboring the point further, we have extensively defined the parameters of excusable neglect in the context of untimely motions under Rule 60(b) M.R.Civ.P. While this case does not deal with a Rule 60(b) motion, the conduct on which we have found excusable neglect here is precisely the kind of conduct that we have, for years, consistently rejected as not constituting excusable neglect in other cases.
*336 Given the nature of that conduct here, this case, apparently, now stands for the proposition that there is really no difference between the two standards of good cause and excusable neglect. It begs the question of what, then, was accomplished by the addition of the good cause standard to Rule 5(c) in 1986? Apparently, very little.
Finally, I do not agree with the Court’s discussion of Sadowsky v. City of Glendive (1993), 259 Mont. 419, 856 P.2d 556. In the first place, since there was no cross-appeal filed we should not even consider or address the issue of whether the court’s order is appealable under Rule 1, M.R.App.P. See Silva v. City of Columbia Falls (1993), 258 Mont. 329, 332-333, 852 P.2d 671, 674.
Worse, we then cite Sadowsky as authority for holding that the court’s order here is appealable. Sadowsky, involved the denial of a motion for extension of time in which to file an appeal. In that case we correctly held that the denial of a motion for extension of time, while not an appealable order under Rule 1, M.R.App.P, nevertheless is appealable because such an order has the effect of a final judgment and effectively and finally concludes the case and the rights of the parties. Sadowsky, 856 P.2d at 558.
To the contrary, the order granting the extension of time in this case does not have that effect. Such an order is interlocutory, the case and rights of the parties are not finally concluded and the appeal on the merits is preserved. If the party against whom the order is issued so desires, he or she may cross-appeal the granting of that order as a part of the appeal under Rule 5(a)(3), M.R.App.P., (or, alternatively, the respondent may file a motion to dismiss the appeal.) Rule 22, M.R.App.P. See, also, 9 Moore’s Federal Practice, § 204.12(4).
As we pointed out in Sadowsky,
... this court has reviewed instances in which district courts have granted extensions of time for filing a notice of appeal, [case citations omitted]. In those cases, however, the extensions of time were reviewable in appeals of other, subsequent appealable orders or judgments as “intermediate order[s] or decision[s] excepted or objected to within the meaning of Rule 46 of the Montana Rules of Civil Procedure, which involve the merits, or necessarily affect the judgment^]” See Rule 2, M.R.App.P. (Emphasis added.)
Sadowsky, 856 P.2d at 558. That is not the situation here.
In gratuitously discussing Sadowsky and in ruling on an issue on which we should not rule, we have ignored or misapplied established precedent, and we have needlessly extended the right of litigants to appeal interlocutory orders of the district court. I cannot agree.