

## ORIGINAL

FILED

08/30/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0464

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0464

FILED

AUG 3 0 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN RE THE MARRIAGE OF:

CAROLYN J. BELLAMAH,

      Petitioner and Appellee,

  and

DAVID H. BELLAMAH,

      Respondent and Appellant.

O R D E R

This matter comes before the Court on the August 19, 2022 petition of David H. Bellamah, through counsel, for leave to file an out-of-time appeal, pursuant to M. R. App. P. 4(6). Petitioner Carolyn J. Bellamah, also through counsel, filed a response on August 29.

The petition includes David's Affidavit explaining that on March 11, 2022, the Fourth Judicial District Court, Missoula County, issued an Order on Respondent's Motion and Petitioner's Cross Motion to Enforce Marital and Property Settlement Agreement. In that Order, the court granted in part and denied in part the parties' motion and cross-motion regarding the release of certain funds that had been placed in an account as part of their Marital and Property Settlement Agreement. David alleges that after the District Court issued its order, he moved for relief, through his former counsel, on April 8, 2022, under M. R. Civ. P. 59(e) and 60(b). Each time David followed up with counsel on the status of his case, he was advised that they were awaiting the court's ruling. The court never ruled. On June 7, 2022, the motion was deemed denied under M. R. Civ. P. 59(f). David alleges that he spoke with his then-counsel on June 28, 2022, and counsel again advised that they were waiting for a ruling from the court. David attests that he consistently represented to his then-counsel that he intended to appeal if the District Court's ruling was not favorable. David retained new counsel upon learning that the time to appeal had expired.

Under M. R. App. P. 4(6), a party may seek an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" David asserts that such circumstances exist here, where he diligently followed up with his then-counsel, consistently asserted that he wished to appeal if the court's ruling was unfavorable, and was informed incorrectly that he needed to wait for a ruling before proceeding. Counsel argues that David should not be penalized for his previous counsel's failure to advise him accurately about the timeframes at issue.

Noting that there are few published cases from this Court that address petitions for out-of-time appeal, David relies on *Mountain West Bank, N.A. v. Western Skys Ltd. Co.*, 2008 MT 54, 341 Mont. 448, 177 P.3d 1052, in which this Court denied leave for an out-of-time appeal because the appellants' counsel initially sent its notice to the wrong court. This Court did not find extraordinary circumstances amounting to a gross miscarriage of justice. David asserts that his case is distinguishable because his counsel made no effort to file an appeal.

In response, Carolyn relies on *First Sec. Bank v. Harmon*, 255 Mont. 168, 841 P.2d 521 (1992), and *Sadowsky v. City of Glendive*, 259 Mont. 419, 856 P.2d 556 (1993), both of which interpreted then-applicable M. R. App. P. 5(a)(5). That rule provided in relevant part: "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 5(a)."

In *Harmon*, this Court determined it had no jurisdiction to hear Harmon's untimely filed appeal. Harmon had filed a motion to alter or amend the judgment in the District Court under M. R. Civ. P. 59(g), and his motion was deemed denied by operation of law 45 days later. *Harmon*, 255 Mont. at 172, 841 P.2d at 524. Harmon then had 30 days in which to file his notice of appeal, but he did not do so, instead asking the District Court for an extension of time to file his notice of appeal after the deadline had expired. *Harmon*, 255 Mont. at 172-73, 841 P.2d at 524. Harmon justified the untimeliness by asserting that he was unaware his Rule 59(g) motion had been deemed denied by operation of law until a filing from the opposing party brought this to Harmon's attention. *Harmon*, 255 Mont. at 173, 841 P.2d at

2

524-25. This Court held that Harmon's lack of awareness of his Rule 59(g) motion being deemed denied did not provide a showing of excusable neglect or good cause. *Harmon*, 255 Mont. at 172-73, 841 P.2d at 524-25. The Court thus concluded that the District Court erred when it allowed Harmon to file an untimely notice of appeal. *Harmon*, 255 Mont. at 173, 841 P.2d at 524.

In *Sadowsky*, the District Court entered summary judgment in favor of the appellee City of Glendive in March 1990. *Sadowsky*, 259 Mont. at 420, 856 P.2d 556. On September 25, 1992, relying on Montana Supreme Court decisions that had occurred in the interim, Sadowskys moved the District Court for relief from the summary judgment order under M. R. Civ. P. 60. *Sadowsky*, 259 Mont. at 421, 856 P.2d at 557. The District Court granted the Sadowskys' motion by order entered November 23, 1992. *Sadowsky*, 259 Mont. at 421, 856 P.2d at 557. The City of Glendive objected, arguing that the District Court's order was invalid because Sadowskys' Rule 60 motion was deemed denied by operation of law on November 9, 1992—45 days after its filing. *Sadowsky*, 259 Mont. at 421, 856 P.2d at 557. On January 23, 1993—120 days after Sadowskys' Rule 60 motion was deemed denied— their counsel moved for leave to file an out-of-time appeal under M. R. App. P. 5(a)(5). The District Court denied the motion on the grounds that no excusable neglect or good cause justified the extension of time. *Sadowsky*, 259 Mont. at 421, 856 P.2d at 557.

Sadowskys appealed the District Court's ruling to this Court. We held that Sadowskys' counsel had the responsibility to be aware of Rule 60's 45-day time limit, to understand the implications of that time limit, and to ensure that the District Court was aware of it. *Sadowsky*, 259 Mont. at 423, 856 P.2d at 558-59. Noting that "[l]ack of knowledge of a clear rule of civil procedure is not an excuse for relief from the rules," we held that Sadowskys failed to demonstrate excusable neglect or good cause justifying an extension of time for filing a notice of appeal under M. R. App. P. 5(a)(5). *Sadowsky*, 259 Mont. at 423, 856 P.2d at 559.

Even though *Harmon* and *Sadowsky* were decided under a previous version of the Montana Rules of Appellate Procedure, these decisions have relevant application. In both cases, this Court determined that counsel's lack of awareness of the time limits in M. R. Civ.

3

P. 59 and 60 was not excusable neglect and did not demonstrate good cause for relief from the time limitation for filing a Notice of Appeal. We noted in *Harmon* that a party must show the "most extenuating circumstances" to justify an out-of-time appeal. *Harmon*, 255 Mont. at 173, 841 P.2d at 525. And we quoted in *Sadowsky* the Advisory Committee Notes to then-Rule 5(a)(5), M. R. App. P., that "the district court should have the authority to extend time in extraordinary cases where injustice would otherwise result." *Sadowsky*, 259 Mont. at 423, 856 P.2d at 558. The current Rule 4(6) likewise requires an extraordinary circumstance amounting to a gross miscarriage of justice. As in *Harmon* and *Sadowsky*, David's lack of knowledge that his motion was deemed denied does not establish such extraordinary circumstances.

Therefore,

IT IS ORDERED that the petition for leave to file an out-of-time appeal is DENIED.

IT IS FURTHER ORDERED that this matter is DISMISSED WITH PREJUDICE.

The Clerk of this Court is directed to provide copies of this Order to all counsel of record.

DATED this 30 day of August, 2022.

_____
Chief Justice

_____

_____

_____
Justices

4