No. 97-405

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 189

JOSEPH EVE & CO.,

Plaintiff and Appellant,

v.

CATHERINE B. ALLEN,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Steven T. Potts; Thompson, Jacobsen & Potts, P.C.;

Great Falls, Montana

For Respondent:

T. Thomas Singer and Christopher J. Flann; Moulton, Bellingham,

Longo & Mather, P.C.; Billings, Montana

No

Submitted on Briefs: May 14, 1998

Decided: July 29, 1998

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

**¶ In March 1996, plaintiff and appellant, Joseph Eve & Co., filed an action in the Thirteenth Judicial District Court, Yellowstone County, against Catherine B. Allen to recover amounts allegedly due under the terms of a professional employment contract entered into by the parties. Allen answered, and counterclaimed. The parties subsequently filed cross-motions for partial summary judgment as to the enforceability of a non-competition clause contained in paragraph nine of the employment contract. The District Court found the clause enforceable and ordered partial summary judgment in Eve's favor, and the case proceeded to trial in March 1997. The jury returned a verdict in Allen's favor, but determined that neither party was entitled to recover damages from the other. The court entered its judgment on March 10, 1997, ordering the action dismissed on the merits. It is from entry of this judgment that Eve presently appeals. For the reasons discussed below, we affirm.**

**¶ We find the following issues dispositive on appeal:**

**¶ 1. Did the District Court err in instructing the jury regarding the reasonableness and enforceability of the covenant not to compete contained in the parties' professional employment contract, and in submitting a verdict form which instructed**

the jury to determine whether the covenant should have been enforced against Allen?

¶ 2. Did the District Court err in denying Eve's motion for a directed verdict?

¶ 3. Did the District Court err in denying Eve's to alter or amend the judgment or for a new trial?

FACTUAL AND PROCEDURAL BACKGROUND

¶ In 1991, Catherine Allen and her partner, Robert Murray, both certified public accountants practicing in Billings, Montana, sold their accounting practice to the certified public accounting firm of Joseph Eve & Co. Allen was interested in working for Eve after the sale. The parties, therefore, entered into two separate contracts in connection with the sale, one of which was a purchase and sale agreement dated December 2, 1991, the other a professional employment contract of the same date.

¶ The purchase and sale agreement contained a provision pursuant to which Allen agreed not to compete with Eve "for a period of three years from the date of closing." Allen agreed, for example, that she would not "[d]irectly or indirectly engage in or establish an office for the purpose of engaging in public accounting business within Billings, Montana, Yellowstone County, or any county adjacent to Yellowstone County, Montana." The purchase and sale agreement also contained a purchase option pursuant to which Allen would "have the option to purchase the clients listed in Exhibits 'B' and 'C' from the Purchasers on January 1, 1995, at a mutually agreed-upon price."

¶ The second contract entered into by the parties on December 2, 1991, was a professional employment contract pursuant to which Allen became Eve's employee. The term of the employment contract was to commence on the date signed and "continue for six months on a probationary basis." After the initial six-month period, the contract could "be terminated by either party or extended until terminated by either party." The employment contract also contained a covenant not to compete, embodied in paragraph nine of the document. Paragraph nine, entitled "Post-Employment Representation of Partnership Clients," provides in pertinent part as follows:

It is specifically understood and agreed that upon termination of the

Employee's employment for any reason whatsoever, the Employee may represent any client of the Partnership. In the event that the Employee begins to serve a client of the Partnership at any time within three (3) years after the effective date of the termination of this agreement, the Employee agrees to pay to the Partnership fifty percent (50%) of the gross fees collected from any such client or clients during the said three (3) year period, or, if the fees have not been collected during such period, fifty percent (50%) of the gross fees billed for services during such period, or, if such fees have not been billed, fifty percent (50%) of the gross fees which could have been billed for services during such period at generally prevailing rates. The Employee shall account annually on each anniversary date of the termination of this agreement for all services rendered to any such client or clients during such three (3) year period and the amount due the Partnership for such year shall be due and payable therewith.

**¶ In summary, Allen agreed to sell her practice to Eve and become its employee. She was not obligated to work for Eve for any period of time, but she agreed not to compete with Eve for a period of three years. She had the option to acquire her client base back from Eve after three years. If she chose not to exercise the option but still represented those clients, she agreed to pay Eve a percentage of the fees she generated from those clients for up to three years.**

**¶ On December 13, 1994, three years after she began working for Eve, Allen notified the company of her intent to leave its employ. Allen initially indicated that she intended to exercise her purchase option, and negotiated with Eve for the purchase of various client accounts. Negotiations were unsuccessful, however, and on December 27, 1994, Allen's attorney notified Eve that she had "decided not to exercise her option to purchase the client accounts," but to instead take client accounts with her and make payments pursuant to paragraph nine of her employment contract.**

**¶ Allen left Eve's employ in late December 1994, and performed services for former Eve clients during 1995. Although she had performed services for Eve's clients, Allen refused to make the first payment due pursuant to the employment contract on the grounds that Eve had refused to provide her with the necessary client files.**

¶ In light of Allen's refusal to pay, Eve filed suit on March 21, 1996, to recover those amounts allegedly due under paragraph nine of the employment contract. Allen answered, asserted several affirmative defenses, and counterclaimed against Eve. Among the affirmative defenses Allen asserted was that Eve "is barred from enforcing or recovering under the Professional Employment Contract because [Eve] breached that Contract by refusing to release client files to the Defendant even after receiving requests to do so from clients."

¶ On December 31, 1996, Eve filed a motion for partial summary judgment as to the enforceability of paragraph nine of the professional employment contract. Allen responded, and on February 7, 1997, filed her own motion for partial summary judgment asking the court to hold that "paragraph 9 of the Professional Employment Agreement is unreasonable as a matter of law, and hence unenforceable."

¶ The District Court issued an order on February 13, 1997, granting Eve's motion for partial summary judgment and denying Allen's. Relying on our decision in *Dobbins, Deguire & Tucker v. Rutherford* (1985), 218 Mont. 392, 708 P.2d 577, the District Court held that "the provision at issue in the case at bar is not an unreasonable restraint on the profession of public accounting," and was thus enforceable.

¶ The case was tried before a Yellowstone County jury on March 3-5, 1997. At the close of trial, each party moved for a directed verdict. The District Court denied both motions, and the case went to the jury. The jury determined that paragraph nine of the employment contract should not be enforced against Allen. Of particular note, the jury also found Eve in breach of the employment contract, but awarded Allen no damages. Accordingly, on March 10, 1997, the court entered a judgment providing that neither party take anything, and ordering the action dismissed on its merits.

¶ On March 28, 1997, Eve renewed its motion for judgment as a matter of law pursuant to Rule 50, M.R.Civ.P., and filed an alternative motion to alter or amend the judgment or for a new trial, pursuant to Rule 59, M.R.Civ.P. The court never issued an order in response to Eve's motion, which was deemed denied pursuant to Rule 59(g), M.R.Civ.P.

¶ On June 23, 1997, Eve filed its notice of appeal from the judgment entered by the District Court on March 10, 1997.

ISSUE 1

¶ **Did the District Court err in instructing the jury regarding the reasonableness and enforceability of the covenant not to compete contained in the parties' professional employment contract, and in submitting a verdict form which instructed the jury to determine whether the covenant should have been enforced against Allen?**

¶ **We review discretionary trial court rulings, such as the giving of jury instructions, to determine whether the district court abused its discretion.** *Hislop v. Cady* **(1993), 261 Mont. 243, 247, 862 P.2d 388, 390.**

¶ **On appeal, Eve argues the District Court erroneously submitted the question of the professional employment contract's enforceability to the jury. Eve notes that the District Court, in deciding the parties' cross-motions for partial summary judgment, ruled prior to trial that paragraph nine of the parties' employment contract was in fact enforceable. Because the court had already determined that the employment contract was enforceable, Eve asserts, it erred in submitting the issue of enforceability to the jury by way of numerous instructions and an improper verdict form. Eve specifically takes issue with instruction numbers 18, 19, and 21, and with that portion of the special verdict form which asked the jury to decide whether or not paragraph nine of the professional employment agreement "should be enforced against Catherine Allen." Eve additionally asserts the court erred in failing to instruct the jury that the professional employment agreement was enforceable as a matter of law.**

A. Instruction Number 21

¶ **For the purposes of our discussion, we turn first to Eve's argument that the court erred in offering jury instruction number 21. During the settlement of instructions, the court ordered that Allen's offered instruction number 7A be given to the jury as instruction number 21. Instruction number 21 provided as follows:**

> Any contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void.
>
> A covenant in a contract that restrains trade may be enforced if it is reasonable. For a covenant to be reasonable:

> (1) the covenant should be limited in operation either as to time or place;
>
> (2) the covenant should be based on some good consideration; and
>
> (3) the covenant should afford a reasonable protection for and not impose an unreasonable burden upon the employer, the employee or the public.

¶ **Eve argues it was improper for the court to approve the foregoing instruction because it placed the issue of the employment contract's enforceability, already decided by the court on summary judgment, before the jury. Eve asserts the court thus failed to apply its summary judgment ruling, and effectively disregarded its prior conclusion that paragraph nine of the professional employment contract was "not an unreasonable restraint on the profession of public accounting," and was thus enforceable. Eve notes that Allen has not appealed from the District Court's summary judgment order, and asserts the court's conclusion regarding the contract's enforceability is thus final.**

¶ **In response, Allen notes that the District Court did not grant summary judgment on the issue of liability, and asserts that it was thus proper for the court to submit to the jury the question of whether the employment contract, including paragraph nine, was reasonable and enforceable in the present case. Allen argues that, because there were several factual issues in this case, the District Court was not empowered to determine the reasonableness and enforceability of the employment contract as a matter of law. Allen notes that the District Court merely found the covenant at issue "not unreasonable" when it granted Eve's motion for partial summary judgment, and argues the court thus left "the jury as finders of fact to determine reasonableness" and enforceability under the circumstances of this case. After hearing those facts, Allen contends, the jury "correctly declined to enforce paragraph nine" of the professional employment contract against Allen.**

¶ **In granting summary judgment in Eve's favor, the District Court relied on our decision in *Dobbins*, and upheld the enforceability of that section of the parties' contract which obligated Allen to pay Eve a portion of any fees she billed to Eve's former clients during the first three years after she terminated her employment. In *Dobbins*, we recognized that for a covenant such as the one at issue in the present**

case to be reasonable, it must be limited in operation either as to time or place and must be based on some good consideration. *Dobbins*, 218 Mont. at 396, 708 P.2d. at 580. We also held that such a covenant "should afford only a fair protection to the interests of the party in whose favor it is made, and must not be so large in its operation as to interfere with the interests of the public." *Dobbins*, 218 Mont. at 396, 708 P.2d at 580 (quoting *O'Neill v. Ferraro* (1997), 182 Mont. 214, 218-19, 596 P.2d 197, 199).

¶ The District Court explicitly discussed each of the foregoing factors in its summary judgment order before concluding that the provision at issue in the present case was not unreasonable and, therefore, was enforceable. For example, the court recognized that "the covenant is limited to three years, was based on Allen receiving a fair salary, and does not impose an unreasonable burden on Eve, Allen, or the public." In light of the foregoing, the court expressly ruled that, as a matter of law, "the provision at issue in the case at bar is not an unreasonable restraint on the profession of public accounting," and found it enforceable. As Allen has not filed a cross-appeal from the District Court's summary judgment decision, that decision is final.

¶ Despite its summary judgment ruling, the court instructed the jury at the close of trial that a covenant in restraint of trade may be enforced if reasonable. In so doing, the court set forth for the jury's consideration the precise factors it had previously considered in reaching its determination that the covenant in question was both reasonable and enforceable. It is thus apparent that Instruction number 21 did nothing but instruct the jury to redetermine the validity of the covenant contained in the parties' employment contract and thereby adjudicate an issue already decided by the District Court on summary judgment. We conclude it was error for the court to instruct the jury to redetermine an issue the court had already resolved on summary judgment.

¶ Although we conclude the court erred in giving instruction number 21, it is for the reasons discussed below that we conclude the court's error was harmless. As noted above, the District Court clearly granted partial summary judgment in Eve's favor as to the enforceability of paragraph nine of the parties' employment contract. The District Court found that paragraph nine was not facially an unlawful restraint of trade and, therefore, was enforceable. The court correctly determined, however, that this did not end the inquiry. The District Court did not grant summary judgment on the ultimate question of either party's liability under the terms of that contract or the

contract's enforceability against either party under the factual circumstances present in this case. It was thus appropriate for the court to permit the jury, as finders of fact, to determine the liability of the respective parties under the terms of the contract and in light of the facts presented at trial.

¶ Allen contended throughout the litigation that she should be relieved of any responsibility to pay Eve a percentage of the fees in question because Eve denied her access to certain client files. The jury was charged with the responsibility of sifting out and deciding the liability questions in this case. In reviewing the special verdict form, we note that the jury specifically found that Eve breached the professional employment contract, presumably for failing to deliver the files as Allen argued. Therefore, although we conclude the court erred in instructing the jury regarding the contractual covenants, the error played no role in the jury's ultimate verdict and was harmless.

B. Instruction numbers 18 and 19

¶ In a similar vein, Eve asserts the District Court abused its discretion in giving instruction numbers 18 and 19 regarding partial performance and breach of contract. Instruction number 18 advised the jury that: "If one of the contracting parties materially breaches a contract, the injured party is entitled to suspend his or her performance."

¶ Instruction number 19 explained that: "The failure of a party to fully perform a contract is excused if his performance is prevented or delayed by the conduct of the other party."

¶ As it did with respect to Instruction number 21, Eve argues instruction numbers 18 and 19 improperly placed issues before the jury that had been resolved by the District Court on summary judgment. For example, Eve notes that Allen argued on summary judgment that Eve had breached the terms of the parties' professional employment agreement, and was thus precluded from enforcing it against Allen. Eve contends the fact that the District Court ordered partial summary judgment in its favor, indicates the court considered and rejected Allen's argument that she was entitled to suspend her performance due to Eve's alleged breach. Because the District

Court rejected Allen's argument on summary judgment, Eve argues, it consequently erred in giving instruction numbers 18 and 19.

¶ As we noted above, the District Court ordered partial summary judgment in Eve's favor, concluding the contractual provision at issue was not unreasonable and was thus enforceable. Although Allen argued in opposition to Eve's motion for summary judgment that Eve had itself breached the parties' employment contract, the District Court did not address that argument in its summary judgment order. Rather, the District Court simply concluded that paragraph nine of the professional employment contract was enforceable as a matter of law. The court did not, however, order summary judgment in Eve's favor on the issue of liability, and did not address Allen's argument that she was excused from performing her contractual obligations due to Eve's failure to perform. That the court concluded the covenant at issue was enforceable as a matter of law did not preclude it from submitting to the jury the question of whether the contract was enforceable against either party under the facts presented at trial. As the court properly left it to the jury to determine the liability of the respective parties, it did not abuse its discretion in giving instruction numbers 18 and 19. In fact, these two instructions go to the very heart of Allen's case and she was clearly entitled to have the jury so instructed.

C. Failure to instruct jury as to contract's enforceability

¶ Eve next asserts the District Court erred in refusing to instruct the jury that the parties' professional employment agreement was a binding contract. Eve offered the following as its nineteenth proposed instruction:

> You are instructed that the following facts are true and require no proof:
>
> Catherine Allen provided accounting services to former clients of Joseph Eve & Co. On or before December 31, 1995, Allen performed $58,806.20 of work for clients who had formerly been clients of Eve. Allen collected $34,574.75 of this during 1995, $2,608.45 was owing at the end of 1995, and $150.00 was uncollectible. Allen did not bill the remaining $21,773.00 until after December 31, 1995.
>
> The Professional Employment Agreement between Joseph Eve & Co. and Catherine Allen, Exhibit 2, was a binding contract.

¶ The District Court issued Eve's proposed instruction number 19 as instruction number 11, but in so doing deleted the final sentence regarding the binding nature of the contract. Eve argues the court erred in failing to abide by its prior summary judgment ruling and in refusing to instruct the jury that, as a matter of law, the employment contract was enforceable.

¶ We review the district court's refusal to give jury instructions for an abuse of discretion. *See Northwest Truck & Trailer Sales, Inc. v. Dvorak* (1994), 269 Mont. 150, 157, 887 P.2d 260, 264.

¶ As noted above, the District Court ruled on summary judgment that paragraph nine of the parties' employment contract was "not unreasonable," and was thus enforceable. The court did not, however, rule upon the question of liability and thus did not determine whether the contract was ultimately binding upon either party under the circumstances of this case. In other words, although the District Court addressed the contract's enforceability as a matter of law, it did not address the contract's effect, binding or not, upon the parties under the facts in this case. Actually, the last sentence in the court's instruction number 11, which Eve argues should have been included but was stricken by the District Court, amounts to a comment on the evidence. Accordingly, we hold the District Court did not abuse its discretion in refusing to direct the jury that the contract at issue was binding upon the parties.

D. Special verdict form

¶ In a related argument, Eve argues the District Court erred in submitting a special verdict form which specifically asked the jury to determine the following: "Do you find that Paragraph 9 of the Professional Employment Agreement should be enforced against Catherine Allen?"

¶ Eve again asserts that, because the District Court ruled on the contract's enforceability prior to trial, it erred in permitting the jury to determine whether the contract should have been enforced against Allen.

¶ As we have above, we again note the limited nature of the District Court's

summary judgment order. Because the court simply found the provision at issue enforceable as a matter of law, but made no determination as to the contract's enforceability against either party under the factual circumstances of this case, we conclude the court did not err in submitting the special verdict form at issue.

## ISSUE 2

¶ Did the District Court err in denying Eve's motion for a directed verdict?

¶ We review a District Court order denying a motion for a directed verdict in the light most favorable to the non-moving party. *Wise v. Ford Motor Co.* (1997), 284 Mont. 336, 343, 943 P.2d 1310, 1314.

¶ At the close of evidence, Eve orally moved for a directed verdict, incorporating "the same argument that it made on its motion for summary judgment" in December 1996. Eve again pointed to the court's summary judgment order, and argued that because the court had concluded the professional employment agreement was enforceable, and because "it is absolutely clear that Allen has not complied with" the terms of that agreement, Eve was entitled to a directed verdict.

¶ The District Court denied Eve's motion, and Eve appeals. Eve asserts "the district court had ruled as a matter of law in connection with the summary judgment that the Professional Employment Agreement was enforceable," and argues the court again failed to apply its ruling on this point when it denied Eve's motion for a directed verdict. Allen, in contrast, notes that "[t]he underlying facts were at issue here," and argues the District Court properly denied Eve's request for a directed verdict.

¶ As we have discussed at length above, the District Court did not grant summary judgment in Eve's favor on the question of liability, and merely held that that portion of paragraph nine which required Allen to pay Eve a portion of any fees she billed to Eve's former clients was "not unreasonable," and, therefore, was enforceable. As the court did not determine the parties' liability under the terms of that contract, however, the court did not err in permitting the case to go to the jury. Accordingly, we hold the District Court did not err in denying Eve's motion for a directed verdict.

## ISSUE 3

No

¶ **Did the District Court err in denying Eve's motion to alter or amend the judgment or for a new trial?**

¶ **We review the District Court's denial of Eve's motion to alter or amend or for a new trial for an abuse of discretion.** *See, e.g., Estate of Nielsen v. Pardis* **(1994), 265 Mont. 470, 478, 828 P.2d 234, 238.**

¶ **On March 28, 1997, Eve filed a motion to alter or amend the judgment, or for a new trial, pursuant to Rule 59(g), M.R.Civ.P. Eve argued that it made its motion**

> for the reason that the judgment conflicts with the Court's order granting plaintiff's motion for partial summary judgment and is based upon error in law which occurred at the trial and which was excepted to by the plaintiff; and irregularity in the proceedings by defendant Allen, who failed to disclose prejudicial material during discovery and then relied upon it in her testimony.

¶ **The District Court did not rule on Eve's motion, which was deemed denied after sixty days pursuant to Rule 59(g), M.R.Civ.P. Eve appeals, arguing "[t]he evidence at trial did not justify denying Eve recovery," and again asserting the District Court erroneously disregarded its prior summary judgment order. Eve merely refers this Court "to the argument made in preceding sections for authorities showing that the district court was wrong to enter final judgment denying relief to Eve."**

¶ **In light of our determination that the District Court did not err in permitting the jury to determine whether the parties' employment contract was enforceable against Allen under the facts of this case, we similarly conclude the court did not err in denying Eve's motion to alter or amend or for a new trial.**

¶ **Affirmed.**

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER