This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FRANKIE D. ORTEGA,**

Petitioner-Appellant,

**v.**                                                   **No. 32,347**

**JASMINE HOPE ORTEGA,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Frankie D. Ortega
Fort Polk, LA

Pro Se Appellant

Barbara A. Patterson Law Firm PC
Barbara Ann Patterson
Roswell, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Frankie D. Ortega (Father) appeals from the district court's order modifying child support. This Court filed a calendar notice proposing to affirm the district court's order. Father filed a memorandum in opposition and also filed a two-page letter which includes arguments in opposition to the proposed disposition in the calendar notice. Therefore, we construe the letter as part of the memorandum in opposition (renumbering them as pages 3 and 4 of the memorandum in opposition). However, we do not consider any of the attachments to the letter that were not made a part of the record in the district court. *See Jemko, Inc. v. Liaghat*, 106 N.M. 50, 54, 738 P.2d 922, 927 (Ct. App. 1987) ("It is improper to attach to a brief documents which are not part of the record on appeal."). We are not persuaded by Father's arguments and affirm the district court's order.

Father's memorandum in opposition does not respond to the proposed disposition in the calendar notice regarding the use of sources other than tax return information for the calculation of gross income. Therefore, his argument on this issue is deemed abandoned. *See N.M. Dep't of Health v. Ulibarri*, 115 N.M. 413, 414-15, 852 P.2d 686, 687-88 (Ct. App. 1993) (recognizing that the party opposing summary disposition must specifically point out errors in fact and law or issue will be deemed abandoned).

Father continues to argue that the district court's use of the basic allowance for subsistence was erroneous because the military allowance is not included in the calculation of taxable income for federal income tax purposes. [MIO 1] This Court's calendar notice cited case law addressing this precise issue that specifically held that "military allowances are proper sources of income that a state trial court can consider in determining whether there has been a financial change of circumstances sufficient to warrant an increase of child support payments." *Peterson v. Peterson*, 98 N.M. 744, 747, 652 P.2d 1195, 1198 (1982). [CN 3] Father did not point out any error in the case law or cite to contrary state law in this regard. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

In addition, Father relies on NMSA 1978, Section 40-4A-2(E)(1) and (3) (1997), for the contention that his military benefits should not be included in the calculation of child support. [MIO 1, 3] Section 40-4A-2(E)(1) and (3) define income as not including "any amounts required by law to be withheld . . . including but not limited to federal, state[,] and local taxes, social security and other retirement and disability contributions" and "any amounts exempted by federal law[.]" However, that statute is part of the Support Enforcement Act, NMSA 1978, §§ 40-4A-1 to -20 (1985, as amended through 1997), and governs the withholding of income for the

3

purpose of ensuring compliance with child support orders and providing for the liquidation of delinquent child support payments that have accrued. *See* § 40-4A-3. It does not apply to the actual calculation of child support benefits due from each parent under the worksheet. *See* NMSA 1978, § 40-4-11.1(C), (K) (2008) (including Worksheet B and instructions for calculation of shared responsibility).

Father also contends that the monetary help Jasmine Hope Ortega (Mother) receives from her mother and significant other for rent and utilities should be included because gross income includes significant in-kind benefits to reduce the cost of living. [MIO 1 ] Father fails to address the case law cited in the calendar notice stating that under the meaning of Section 40-4-11.1(C)(2), the statute relied upon by Father, gross income generally does not include gifts. *See Styka v. Styka*, 1999-NMCA-002, ¶ 24, 126 N.M. 515, 972 P.2d 16 (holding "that gross income generally does not include gifts under Section 40-4-11.1(C)(2)"). Therefore, we hold that the district court's decision not to include sporadic monetary gifts received by Mother did not exceed the bounds of all reason. *See Edens v. Edens*, 2005-NMCA-033, ¶ 13, 137 N.M. 207, 109 P.3d 295 ("To reverse the trial court under an abuse-of-discretion standard, it must be shown that the court's ruling exceeds the bounds of all reason . . . or that the judicial action taken is arbitrary, fanciful, or unreasonable." (omission in original) (internal quotation marks and citation omitted)).

Lastly, Father argues that Mother's housing assistance from HUD, as well as internet and telephone costs that he pays, should be incorporated into the calculation of child support. [MIO 2, 3] Father did not raise these issues in the docketing statement. Even if we construe these arguments as a motion to amend the docketing statement, Father fails to explain how the issues were properly preserved or why the issues were not originally raised in the docketing statement. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983) (setting out requirements for accepting a motion to amend the docketing statement). It does not appear these were among the issues raised by Father in the district court. [RP 153 (¶ 6)] *See In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation). "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. Therefore, we do not address these newly raised issues on appeal. *See In re Norwest Bank*, 2003-NMCA-128, ¶ 30 (stating that this Court will not search the record for evidence of preservation).

To the extent Father asks this Court to rely upon the additional matters raised in the memorandum in opposition to deviate from the district court's original findings, insofar as the request exceeds this Court's function, we decline to do so. *Cf. Getz v. Equitable Life Assurance Soc'y of United States*, 90 N.M. 195, 198, 561 P.2d 468, 471 (1977) ("It is not [the appellate courts'] function to weigh the evidence or its credibility, and [the appellate courts] will not substitute [its] judgment for that of the trial court as to the facts established by the evidence, so long as the findings are supported by substantial evidence."). As an appellate court, this Court is limited to reviewing only the issues raised and decided by the district court. *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855. To the extent that Father contends there are changed circumstances justifying a modification of child support, he must seek such modification in district court.

For these reasons and those stated in the calendar notice, we affirm the district court's order modifying child support.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**