NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAJESTIC HOMES, INC., | No. 18-35249 |
| Plaintiff-Appellee, | D.C. No. 1:16-cv-00008-SPW |
| v. | |
| ROSE HURT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 6, 2019**
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and PREGERSON,*** District Judge.

Rose Hurt ("Hurt") appeals the district court's order granting summary

judgment for Majestic Homes, Inc. ("Majestic"). We review de novo a district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

court's grant of summary judgment. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008). We affirm.

Hurt contracted to purchase a modular home from Majestic. At the time of contracting, Hurt made a down payment on the home. Majestic delivered the home to Hurt's property, where it remains located. Hurt has made no payments toward the remaining balance. The parties dispute whether Hurt rejected or revoked acceptance of the home, and thus would not be obligated to pay for it.

We apply the substantive law of Montana, the forum state, because this case was removed to federal court under diversity jurisdiction. *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). The Uniform Commercial Code, as codified in Montana law, governs contracts for modular homes. *Little v. Grizzly Mfg.*, 636 P.2d 839, 842 (Mont. 1981).

Upon delivery of goods, the buyer must accept the goods and pay in accordance with the contract, Mont. Ann. Code § 30-2-507, or reject the goods, *id*. § 30-2-601. A buyer may accept goods by failing to make an effective rejection after a reasonable time to inspect the goods. *Id*. § 30-2-606(1)(b). Hurt's silence "count[ed] as acceptance." *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.*, 148 F.3d 649, 655 (7th Cir. 1998); *see also Steinmetz v. Robertus*, 637 P.2d 31, 36 (Mont. 1981) (recognizing that even "mere notification of poor quality is not sufficient to constitute rejection"). Hurt did not reject the home.

2

Under certain circumstances, a "buyer may revoke acceptance" of goods. Mont. Ann. Code § 30-2-608(1). Such revocation "must occur within a reasonable time after the buyer discovers or should have discovered the ground for it." *Id*. § 30-2-608(2). Revocation "is not effective until the buyer notifies the seller of it." *Id*. Hurt first notified Majestic that she revoked her acceptance of the home in her counterclaims, approximately 16 months after delivery of the home. *See Nw. Truck & Trailer Sales, Inc. v. Dvorak*, 887 P.2d 260, 264 (Mont. 1994) (refusing to give a jury instruction about rejecting or revoking acceptance of goods where the buyer first notified the seller of the alleged nonconformity of goods in counterclaims). We agree with the district court that Hurt did not revoke acceptance within a reasonable time.

Hurt accepted the home from Majestic and did not timely revoke her acceptance. The district court correctly granted summary judgment.

**AFFIRMED.**